NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE DEBIASA and RAYMOND DEBIASA., <br><br> Plaintiffs, <br><br> v. <br><br> JOE DONNELLY, AHUBY DONNELLY, DOVETAIL CAPITAL, LLC, and BITCOIN FINANCIAL GROUP, LLC <br><br> Defendants. | Civil Action No.: 16-552 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiffs' Complaint as against Defendant Bitcoin Financial Group, LLC ("Bitcoin" or the "Moving Defendant"). (ECF No. 27, "Def.'s Mov. Br."). Plaintiffs Suzanne and Raymond DeBiasa have opposed this motion (ECF No. 35, "Pls.' Opp. Br.") and Bitcoin has replied to same (ECF No. 36, "Def.'s Reply Br."). The Court has reviewed the papers filed in support of and in opposition to Bitcoin's Motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court denies Bitcoin's Motion to Dismiss.

**I.    Background[1]**

---

[1] The facts as stated herein are taken as alleged in Plaintiff's Complaint. (ECF No. 1, "Compl."). For purposes of this Motion to Dismiss, these allegations are accepted by the Court as true. *See Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) ("The District Court, in deciding a motion [to dismiss under Rule] 12(b)(6), was required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].").

1

Plaintiffs Suzanne and Raymond DeBiasa are New Jersey residents. (ECF No. 1, Complaint, "Compl." ¶ 9). Plaintiffs allege that beginning in 2008, they invested money with Defendants Joe Donnelly and Ahuby Donnelly (collectively, the "Donnelly Defendants") in order "to fund premiums for a stranger originated life insurance ("STOLI") policy." (*Id.* ¶¶ 1, 2). Plaintiffs further allege that they borrowed funds to invest in a $300,000 promissory note with Dovetail Capital, LLC ("Dovetail"), "a closely held investment entity owned and controlled by the Donnellys." (*Id.* ¶ 2). Pursuant to the promissory note, Plaintiffs were to recover an annual 12% rate of return on their investment, and were to be repaid in full within three years. (*Id.*).

According to Plaintiffs, the Donnelly Defendants have misappropriated Plaintiffs' investment monies. (*Id.* ¶ 6). Plaintiffs specifically allege that the Donnelly Defendants "never invested Plaintiffs' money or collateralized Dovetail with insurance policies," but rather used their investments to help fund the purchasing of lavish personal items. (*Id.* ¶ 5). Of particular import to the pending Motion, Plaintiffs allege that the Donnelly Defendants used their investment monies to fund "Defendant [Bitcoin], a company co-founded by Joe Donnelly." (*Id.* ¶ 6).

According to Plaintiffs, "in the Spring of 2015, Mr. Donnelly informed the DeBiasas that Dovetail 'is now defunct' and 'has NO assets,' but 'I'm a partner in a BitCoin Company,' and 'I'm doing everything in my power to rectify the situation.'" (*Id.* ¶ 7). Despite this representation, Plaintiffs claim that, to date, they have not been fully refunded for their investments, and that the Donnelly Defendants "owe [them] at least $165,000.00 in investment principal, plus investment returns, interest owed due to the default, and attorneys' fees and costs of collection." (*Id.* ¶ 34).

Against this backdrop, Plaintiffs filed a Complaint on February 1, 2016, asserting a number of causes of action against Defendants, including claims for breach of contract and violations of the Securities and Exchange Act. As against Bitcoin, Plaintiffs have asserted a single cause of action

(Count VII) for violation of the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-20, *et seq.* (Compl. ¶¶ 85- 90). Bitcoin filed the pending Motion to Dismiss Count VII of Plaintiff's Complaint on June 20, 2016. This Motion is fully briefed and is now ripe for the Court's adjudication.

## II. Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *abrogated on other grounds* by *Harlow v. Fitzgerald,* 457 U.S. 800 (1982); *Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 434–35 (3d Cir. 2000). However, courts are not required to credit "'bald assertions or legal conclusions'" improperly alleged in the complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429 (3d Cir.1997) (quoting *Glassman v. Computervision Corp.,* 90 F.3d 617, 628 (1st Cir. 1996)). Similarly, "[l]egal conclusions made in the guise of factual allegations [ ] are given no presumption of truthfulness." *In re Nice Sys., Ltd. Sec. Litig.,* 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (internal citations omitted). Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. *Scheuer,* 416 U.S. at 236.

### III. Discussion

The Moving Defendants seek dismissal of Count VII of Plaintiffs' Complaint, which alleges a violation of the New Jersey Uniform Fraudulent Transfer Act ("UFTA") as against all Defendants. (Compl. ¶¶ 85-90).

"The UFTA was designed as a vehicle by which creditors may recover from the debtors and others who hinder their collection efforts." *Banco Popular North America v. Gandi*, 184 N.J. 161, 176-77 (2005). The UFTA provides, in relevant part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation . . . .

N.J.S.A. § 25:2–25. Thus, a plaintiff seeking to bring a claim under the UFTA must satisfy two elements of the claim. *Glichinsky v. Nat. Wesminster Bank N.J.*, 159 N.J. 463, 475 (1999). "The first is whether the debtor or person making the conveyance has put some asset beyond the reach of creditors which would have been available to them at some point in time but for the conveyance . . . . The second is whether the debtor transferred property with an intent to defraud, delay, or hinder the creditor." *Id.*; *see also, MSKP Oak Grove, LLC v. Venuto*, 875 F. Supp. 2d 426, 435 (D.N.J. 2012).

Here, Plaintiffs allege that "Joe Donnelly diverted the DeBiasas' funds from their investment purpose with Dovetail to his own venture, Bitcoin Financial, a company that identifies him as President and co-founder." (Compl. ¶ 88). According to Plaintiffs, "Mr. Donnelly and Bitcoin Financial had the actual intent to hinder, delay, and defraud the Donnellys' creditors—the DeBiasas—when they transferred the DeBiasas' investment monies to BitCoin Financial." (*Id.* ¶

89). Plaintiffs further allege that they "did not receive anything of value in exchange for this transfer of monies, but critically, Mr. Donnelly told them he would repay them from his BitCoin Financial venture." (*Id.*). Specifically, "in the Spring of 2015, Mr. Donnelly informed the DiBiasas that Dovetail 'is now defunct' and 'has NO assets,' but 'I'm a partner in a BitCoin Company,' and 'I'm doing everything in my power to rectify the situation.'" (*Id.* ¶ 7).

According to Plaintiffs, "Mr. Donnelly and Bitcoin knowingly, inappropriately, and illegally transferred the DeBiasas' monies in order to, among other things, fund Bitcoin, causing the DeBiasas severe economic harm of at least $215,000.00, plus lost contractual returns, interest, and penalties owed to the DeBiases." (*Id.* ¶ 90).

Bitcoin now moves to dismiss Plaintiff's UFTA claim. Bitcoin primarily argues that Plaintiffs' allegations are premised upon an inaccurate understanding of the relationship between Mr. Donnelly and Bitcoin. (Def.'s Mov. Br. at 4-6). Specifically, Bitcoin states that Mr. Donnelly never invested any funds in Bitcoin and that "Mr. Donnelly's association with [Bitcoin] was very limited." (*Id.* at 6). Bitcoin also argues that Plaintiffs cannot prove a violation of the UFTA since "there was no transfer of assets, as Defendant [Bitcoin] never received any monies from any other Co-Defendant . . . and there was no intent to hinder, delay or defraud by [Bitcoin], since [Bitcoin] was not even aware of the Donnelly Defendants' alleged obligation to the Plaintiffs until after this lawsuit was filed in February, 2016. (*Id.* at 11). In support of these factual arguments, Bitcoin has filed an affidavit of Ty R. Sagalow, a non-party to this action who states that he is the sole director and officer of Bitcoin. (ECF No. 27-1, ¶ 1).

As discussed above, the Court's obligation at the motion to dismiss stage is not to determine the veracity of Plaintiffs' allegations; instead, this Court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiffs]." *Phillips,* 515 F.3d at 228. Indeed, the proper inquiry on a motion to dismiss is

whether "*assuming the factual allegations are true*, the [P]laintiffs ha[ve] stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 694 (2009). Accordingly, the Court declines to address Bitcoin's factual contentions and the affidavit of Mr. Sagalow at this juncture, as same are not properly raised at the motion to dismiss stage.

For the same reason, the Court finds that Bitcoin's argument that Plaintiffs' claims are "illogical" and therefore no plausible are misguided at this stage in the litigation. (*See* Def.'s Reply Br. at 4). "[A] court must take the allegations as true, no matter how skeptical the court may be." *Iqbal*, 556 U.S. at 694. "The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Id.* Plaintiffs' UFTA allegations do not fall within the ambit of such fantastical allegations.[2]

Lastly, the Moving Defendant argues that Plaintiffs have failed to state a claim against Bitcoin. Specifically, Bitcoin appears to argue (without citation to any supporting case law) that Plaintiffs cannot state a claim for a violation of the UFTA because the "wherefore" clause to Count VII seeks only money damages as opposed to equitable statutory relief (i.e., the avoidance of a transfer). (Def.'s Mov. Br. at 10; Def.'s Reply Br. at 6). However, the New Jersey Supreme Court has made clear that a successful UFTA claimant has numerous remedies, including "a money judgment against the transferee where the transfer cannot be undone" as well as "a catch-all provision, affording a creditor '[a]ny other relief the circumstances may require." *Gandi*, 184 N.J. at 176-77. Accordingly, to the extent that the Moving Defendant is arguing that Plaintiffs'

---

[2] To the extent that Bitcoin argues that Plaintiffs UFTA claims are fantastical since Bitcoin was not established until after the Plaintiffs' 2008 investments with the Donnelly Defendants (Def.'s Mov. Br. at 11), the Court notes this timeline would not preclude a finding that the Donnelly Defendants transferred Plaintiffs' funds to Bitcoin upon its formation.

6

requested relief under the UFTA has any bearing on Plaintiffs' ability to prove that claim, Bitcoin has failed to explain how that is so.

Additionally, the Moving Defendant states that Plaintiffs have merely alleged a "'formulaic recitation of the elements of a cause of action' to allege a UFTA claim and as such, the same should be dismissed as a matter of law." (Def.'s Mov. Br. at 11). According to Bitcoin, Plaintiffs failed to allege: (1) "that Mr. Donnelly did not receive value for his alleged interest in [Bitcoin], which is a critical element of the cause of action," and; (2) that "the Plaintiffs fail to state how they were hindered." (Def.'s Reply Br. at 6-7).

As to Bitcoin's argument that Plaintiffs cannot state a claim under the UFTA without alleging "that Mr. Donnelly did not receive value for his alleged interest in [Bitcoin]," the Court notes that the UFTA does not mandate such a showing. *See* N.J.S.A. § 25:2–25. Rather, the language of that Act provides that as an alternative to this showing, a plaintiff can prove a UFTA claim by establishing that the debtor had the "actual intent to hinder, delay, or defraud [the] creditor." *Id.*

As to their second argument, Bitcoin states that "other than baldly alleging that promising to pay [Plaintiffs] from [Bitcoin] hindered their collection efforts, the Plaintiffs fail to state how they were hindered. . . . They admit they do not have a judgement upon which they can levy, and point to no other action they could have taken to collect but for the alleged transfer." (Def.'s Reply Br. at 6-7). However, a plaintiff asserting a UFTA is not required to have a judgment against the debtor or transferee. *See* N.J.S.A. 25:2-21 (defining a creditor as a "person who has a claim" and defining a claim as "a right to payment, whether or not the right is reduced to judgment"). The Court also notes that Plaintiffs have plead that "[t]he Donnellys used the DeBiasas' stolen investments to help fund . . . Defendant BitCoin Financial Group, a company co-founded by Joe

Donnelly." (Compl. ¶¶ 6, 36, 39). More specifically, Plaintiffs allege that "Defendant Joe Donnelly fraudulently diverted Plaintiffs' monies to form a new venture, Defendant BitCoin Financial" and that "[d]espite Mr. Donnelly's promises that he would repay the DeBiasas out of his BitCoin Financial investment, he has failed to repay them any money since he founded BitCoin Financial." (*Id.* ¶ 54). Based on these allegations, the Court finds that Plaintiffs have sufficiently plead that they were hindered in their collection efforts by Mr. Donnelly's alleged transfer of their investments to Bitcoin.

In summary, based upon the arguments raised by the Moving Defendant in the pending Motion to Dismiss, the Court finds that dismissal of Count VII as against Bitcoin would be improper at this stage. Therefore, Bitcoin's Motion to Dismiss is denied.

### IV.  Conclusion

For the reasons stated herein, the Court denies the Moving Defendant's Motion to Dismiss. An appropriate Order follows this Opinion.

IT IS SO ORDERED.

DATED: September 6th, 2016

JOSE L. LINARES, U.S.D.J.